IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| WILLIAM DONALD HODGES, | } |
| *Plaintiff*, | } |
| v. | } Civil Action No. G-07-588 |
| UNION PACIFIC RAILROAD COMPANY, PETRON, INC., and PETRON, L.L.C., | } |
| *Defendants*. | } |

**OPINION AND ORDER**

Presently before the Court is Defendants Petron, Inc. and Petron, L.L.C.'s (collectively, the Petron Defendants) motion for summary judgment (Doc. 20) to which Plaintiff William Donald Hodges (Hodges) has not responded. For the reasons explained below, the Court finds that the defendants' motion must be DENIED.

I.   Background and Relevant Facts

On December 28, 2007, Hodges filed suit against Defendants Union Pacific Railroad Company (UPRC) and the Petron Defendants alleging UPRC's negligence under the Federal Employers' Liability Act (FELA), 45 U.S.C. § 51 *et seq.*, and the Petron Defendants' negligence and negligent entrustment under Texas common law. Subsequently, on March 12, 2008, UPRC filed a cross-claim against the Petron Defendants asserting negligence and property damage claims.

The plaintiff's claims and the defendant's cross-claim arise out of an incident that occurred on or about January 20, 2006. (Doc. 20, Ex. B at ¶ 8). Hodges was allegedly working as a conductor on a UPRC freight train traveling through Fayette County, Texas, when the train

collided at a grade crossing with a tanker truck belonging to and being driven by an employee, agent, or servant of one or both of the Petron Defendants.  (*Id.*).

The Petron Defendants filed the instant motion for summary judgment on statute of limitations grounds.  Despite the July 9, 2008, Order (Doc. 32) giving UPRC an additional thirty-five (35) days within which to file a response to the pending motion, UPRC has failed to file one.

II.        Legal Standard on Summary Judgment

A party moving for summary judgment must inform the court of the motion's basis and identify those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The substantive law governing the suit identifies the essential elements of the claims at issue and therefore indicates which facts are material.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Once the moving party makes this showing, the non-moving party must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial.  *Celotex*, 477 U.S. at 323-24.  The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Indust. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citing *U.S. v. Diebold, Inc.,* 369 U.S. 654, 655 (1962)).  Instead, the non-moving party must produce evidence upon which a jury could reasonably base a verdict in its favor.  *Anderson*, 477 U.S. at 248.  The non-moving party must "go beyond the pleadings and by [its] own affidavits or by depositions, answers to interrogatories and admissions on file, designate specific facts that show

there is a genuine issue for trial." *Webb v. Cardiothoracic Surgery Assoc. of North Texas, P.A.*, 139 F.3d 532, 536 (5th Cir. 1998). Unsubstantiated and subjective beliefs and conclusory allegations and opinions are not competent summary judgment evidence. *Grimes v. Texas Dept. of Mental Health and Mental Retardation*, 102 F.3d 137, 139-40 (5th Cir. 1996); *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992), *cert. denied*, 506 U.S. 825 (1992). Nor are pleadings summary judgment evidence. *Wallace v. Texas Tech University*, 80 F.3d 1042, 1046 (5th Cir. 1996) (citing *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*)). The non-moving party cannot discharge its burden by offering vague allegations and legal conclusions. *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992); *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 889 (1990). Nor is the district court required by Rule 56 to sift through the record in search of evidence to support a party's opposition to summary judgment. *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir.), *cert. denied*, 506 U.S. 832 (1992)).

All reasonable inferences must be drawn in favor of the non-moving party. *Matsushita*, 475 U.S. at 587-88. In reviewing evidence favorable to the party opposing a motion for summary judgment, a court should be more lenient in allowing evidence that is admissible, though it may not be in admissible form. *See Lodge Hall Music, Inc. v. Waco Wrangler Club, Inc.,* 831 F.2d 77, 80 (5th Cir. 1988). Furthermore, the party opposing a motion for summary judgment does not need to present additional evidence, but may identify genuine issues of fact extant in the summary judgment evidence produced by the moving party. *Isquith v. Middle South Utilities, Inc.*, 847 F.2d 186, 198-200 (5th Cir. 1988). The non-moving party may also identify evidentiary documents already in the record that establish specific facts showing the

existence of a genuine issue.  *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990).

A non-moving party's failure to respond does not automatically entitle the movant to a "default" summary judgment.  *Lewis v. Continental Airlines, Inc.*, 80 F. Supp. 2d 686, 694 (S.D. Tex. 1999); *Taylor v. Dallas County Hosp. Dist.*, 959 F. Supp. 373, 376 (N.D. Tex. 1996). "A motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule.  The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed." *Lewis*, 80 F. Supp. 2d at 694 (quoting *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n.3 (5th Cir. 1995) (citing *Hibernia Nat'l Bank*, 776 F.2d 1277, 1279 (5th Cir. 1985))).  The district court may, however, accept as undisputed the facts set forth in support of the motion for summary judgment to the extent it is unopposed.  *Id.* (citing *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988); *Rayha v. United Parcel Serv., Inc.*, 940 F. Supp. 1066, 1068 (S.D. Tex. 1996)).

III.     Discussion

"[A] person must bring suit for trespass for injury to the estate or to the property of another, conversion of personal property, taking or detaining the personal property of another, personal injury, forcible entry and detainer, and forcible detainer not later than two years after the day the cause of action accrues." TEX. CIV. PRAC. & REM. CODE ANN. § 16.003.  In general, a cause of action accrues when a wrongful act causes an injury despite when the plaintiff learns of the injury.  *Mitchell Energy Corp. v. Bartlett*, 958 S.W.2d 430, 436 (Tex. App.—Fort Worth 1997, writ denied) (citing *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 828 (Tex. 1990); *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 351 (Tex. 1990)).  Texas courts have, however,

applied the discovery rule of accrual to causes of action for property damage.  *Id.* at 436 (citing *Bayouth v. Lion Oil Co.*, 671 S.W.2d 867, 868 (Tex. 1984); *Hues v. Warren Petro. Co.*, 814 S.W.2d 526, 529 (Tex. App.—Houston [14th Dist.] 1991, writ denied)).  The discovery rule tolls the running of the limitations period until the plaintiff "discovers or through the exercise of reasonable care and diligence should have discovered the 'fact of injury.'"  *Id.* (citations omitted).  If the plaintiff pleads the discovery rule as an exception to the limitations defense, "the defendant moving for summary judgment on limitations grounds has the burden of negating that exception by establishing that there is no genuine issue of fact about when the plaintiff discovered or should have discovered the nature of his injury."  *Texas Soil Recycling, Inc. v. Intercargo Ins. Co.*, 273 F.3d 644, 649 (5th Cir. 2001) (footnote omitted).

There is, however, a statutory provision that allows for an extension of the limitations deadline with respect to counterclaims and cross-claims.  It states as follows:

> (a) If a counterclaim or cross claim arises out of the same transaction or occurrence that is the basis of an action, a party to the action may file the counterclaim or cross claim even though as a separate action it would be barred by limitation on the date the party's answer is required.
>
> (b) The counterclaim or cross claim must be filed not later than the 30th day after the date on which the party's answer is required.

TEX. CIV. PRAC. & REM. CODE ANN. § 16.069.  For this statute to apply, the counterclaim or cross-claim must arise out of the same transaction or occurrence as the plaintiff's claim, and the deadline for filing the answer in which the counterclaim or cross-claim is to be asserted must expire outside of the normal limitations period.  *Fluor Eng'rs and Constructors, Inc. v. S. Pacific Transp. Co.*, 753 F.2d 444, 448 (5th Cir. 1985).

The Court finds that UPRC's cross-claim for negligence and property damage accrued on January 20, 2006, the date of the train collision in Fayette County, Texas.  This is the

date upon which the allegedly wrongful act caused the injury, as well as the date upon which Hodges discovered or should have discovered, through the exercise of reasonable care, the 'fact of injury.' Accordingly, the two (2) year limitations period ended on January 20, 2008.

Hodges filed the above styled and referenced cause on December 28, 2007 (Doc. 1). He served UPRC and the Petron Defendants on February 14, 2008, and February 22, 2008, respectively (Docs. 3 and 4). UPRC and the Petron Defendants were, therefore, required to file their answers by March 5, 2008, and March 13, 2008, respectively. Because UPRC's cross-claim arose out of the same occurrence as Hodges' claim and the deadline for filing the answer in which the cross-claim was asserted expired outside of the normal limitations period, the Court finds that TEX. CIV. PRAC. & REM. CODE ANN. § 16.069 shall apply. UPRC, thus, had until April 4, 2008, the 30th day after the date that its answer was due, to file its cross-claim. UPRC filed its cross-claim on March 12, 2008, and, as such, this cross-claim is not barred on limitations grounds. The Court shall, therefore, deny the Petron Defendants' motion for summary judgment.

IV. Conclusion

Accordingly, the Court hereby ORDERS that Defendants Petron, Inc. and Petron, L.L.C.'s Rule 56 Motion for Summary Judgment (Doc. 20) is DENIED.

SIGNED at Houston, Texas, this 6th day of February, 2009.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE